IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| IOWA ROTOCAST PLASTICS, INC. d/b/a GRIZZLY COOLERS,<br>   Plaintiff,<br><br>vs.<br><br>MODERN PRODUCTS LLC, ANDREW SALMEN, and JOHN DOE,<br>   Defendants. | No. 4:24-cv-57<br><br>COMPLAINT<br>JURY DEMAND |

Plaintiff Iowa Rotocast Plastics, Inc. d/b/a Grizzly Coolers ("Grizzly"), by and through counsel, for its Complaint against Defendants Modern Products LLC ("Modern Products"), Andrew Salmen ("Salmen"), and John Doe ("Doe") (collectively "Defendants") allege, on knowledge as to its own actions and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement under the statutory and common laws of the State of Iowa, all arising from the Defendants' use of the below mark (the "Infringing Mark") in connection with insulated drinkware, as exemplified below (the "Infringing Products"):

            

*Infringing Mark*            *Infringing Products* Example

2. Grizzly seeks injunctive and monetary relief.

## JURISDICTION

3. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq.

4. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5. This court has personal jurisdiction over Defendants because they have offered and sold Infringing Products in Iowa, and thus have purposely directed their activities in Iowa and have availed itself of the privilege of conducting business in Iowa by invoking the protections of its laws. *See Johnson v. Arden*, 614 F.3d 785, 795 (8th Cir. 2010); *see also J. McIntyre Machinery, Ltd. V. Nicastro*, 564 U.S. 873, 880 (2011).

6. Iowa's long-arm statute permits the exercise of personal jurisdiction over Defendants. *See Hammond v. Fla. Asset Fin. Corp.*, 695 N.W.2d 1, 5 (Iowa 2005) (noting Iowa R. Civ. P. 1.306 "expands Iowa's jurisdictional reach to the widest due process parameters allowed by the United States Constitution.").

## VENUE

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

8. Plaintiff is a corporation formed under the laws of the State of Iowa and has a principal place of business in Decorah, Iowa.

9. Defendant Modern Products is a limited liability company formed under the laws of the State of Minnesota and upon information and belief has a principal place of business at 9925 103rd Street North, Stillwater, Minnesota 55082.

10. Defendant Salmen, upon information and belief, is a co-owner and agent of Modern Products and has engaged, directed, and/or acted in concert with Modern Products to make and sell the Infringing Products bearing the Infringing Mark.

11. Defendant Doe is an unknown individual or entity who, upon information and belief, is a co-owner and agent of Modern Products and has engaged, directed, and/or acted in concert with Modern Products and/or Salmen to make and sell the Infringing Products bearing the Infringing Mark.

## FACTS

### Plaintiff and the GRIZZLY Brand

12. Plaintiff Grizzly is the owner of United States Trademark Registration No. 5,153,831 for the character mark **GRIZZLY** in connection with cups, mugs, and thermal insulated containers for food and beverages. Grizzly is also the owner of United States Trademark Registration No. 5,153,832 for the following design mark in connection with cups, mugs, and thermal insulated containers for beverages (together the "Grizzly Registrations"):



13. Grizzly has been using the Grizzly Registrations since at least 2015.

14. Grizzly also uses the following design mark in commerce in connection with cups, mugs, and thermal insulated containers for food and beverages (the "Grizzly Logo"):



15.     As a result of its widespread, continuous, and exclusive use of the Grizzly Logo mark to identify its insulated beverage containers and Plaintiff as their source, Plaintiff owns valid and subsisting common law rights to the Grizzly Logo.

16.     Plaintiff's Grizzly Logo is distinctive to both the consuming public and Plaintiff's trade.

17.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting goods under the Grizzly Logo and Grizzly Registrations (collectively, "the Grizzly Brand"), including insulated beverage containers as seen below.



18.     Plaintiff provides insulated beverage containers under the Grizzly Brand through typical trade channels, including the internet.

19.     As a result of Plaintiff's expenditures and efforts, the Grizzly Brand has come to signify the high quality of the insulated beverage containers designated by the Grizzly Brand, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

**Defendants' Unlawful Activities**

20. Defendants are engaged in the business of selling insulated drinkware under the Infringing Mark.

21. Upon information and belief, Defendants currently offer and/or have offered the Infringing Products through online retailers, including Amazon and Shopify.

22. Upon information and belief, Defendants offer the Infringing Products through typical trade channels for goods of this nature.

23. As of November 2023, Defendants listed Infringing Products on Amazon at a "typical price" of $33.99.

24. Upon information and belief, Defendants began offering the Infringing Products for sale in early 2023.

**Defendants' Failed Registration and Initial Notice of Unlawful Activities**

25. On December 27, 2022, Defendants filed an application to register the Infringing Mark with the United States Patent and Trademark Office (the "USPTO"). The application was filed on an intent-to-use basis for use with "cups and mugs; reusable stainless steel water bottle sold empty," and was assigned serial no. 97/732,892 (the "Application").

26. On October 23, 2023, the USPTO notified Defendants that the Application was refused on the grounds that the Infringing Mark was likely to cause confusion with the Grizzly Registrations.

27. Defendants continued to offer the Infringing Products for sale after the USPTO refusal was issued.

28. On February 6, 2024, the USPTO issued notice to Defendants that the Application was abandoned due to a failure to respond timely to the refusal based on a likelihood of causing confusion.

**Defendants' Subsequent Notice of Unlawful Activities**

29. Plaintiff became aware of the USPTO refusal in November of 2023.

30. On December 12, 2023, Plaintiff's counsel sent Defendants a letter demanding that Defendants (1) immediately cease and desist from all use of the Infringing Mark, (2) provide an accounting of all Infringing Products sold, and (3) make arrangements to surrender Defendants' remaining inventory of Infringing Products.

31. On December 13, 2023, Defendant Salmen responded via email, requesting to be able to sell Defendants' remaining inventory of 355 units. No accounting was provided, and no offer to surrender inventory was made.

32. On or about December 13, 2023, Defendants slashed the price of the Infringing Products from $33.99 to $24.99, a 26% markdown. Upon information and belief, this markdown was an attempt at a fire sale.

33. On December 18, Plaintiff's counsel sent a second letter to Defendants, which acknowledged the price markdown and reiterated the demands to immediately cease use of the Infringing Mark, provide an accounting, and arrange for the surrender of inventory.

34. On December 18, Defendants were also given notice that Grizzly intended to seek redress through the court if an agreement could not be reached.

35. The same day, Salmen responded via email that he had suspended Defendants' "Amazon US" and "Shopify US" websites and claimed falsely that the price markdown had taken place prior to December 12, 2023.

36. On December 19, 2023, Plaintiff's counsel sent a third letter to Defendants. In the letter, attention was drawn to (1) Defendants' Amazon listings being active; (2) Defendants failure to provide accounting; and (3) Defendants' failure to surrender inventory.

37. The December 19 communication also requested that Defendants implement a litigation hold and confirm the same in writing.

38. Salmen responded with screenshots purportedly showing sales figures for Defendants' Amazon listings—no figures were provided for sales made through Defendants' Shopify website. Salmen further responded that Defendants intended to continue selling the Infringing Products outside the United States. No response was provided regarding Plaintiff's request for confirmation of implementing a litigation hold.

39. Defendants' Amazon storefront remains active as shown by the below screenshots.



## COUNT 1:
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

40. Plaintiff reincorporates all preceding paragraphs as if fully set forth herein.

41. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

42. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Grizzly Registrations or Grizzly Logo and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

43. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

44. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT 2:
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

45. Plaintiff reincorporates all preceding paragraphs as if fully set forth herein.

46. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' insulated drinkware, and is likely to cause consumers to believe, contrary to fact, that Defendants'

products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

47. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

48. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

49. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

51. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT 3:
## COMMON LAW TRADEMARK INFRINGEMENT

52. Plaintiff reincorporates all preceding paragraphs as if fully set forth herein.

53. Plaintiff's Grizzly Brand is distinctive.

54. Plaintiff's customers and potential customers identify the Grizzly Brand with the insulated drinkware products sold by Plaintiff.

55. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

56. Defendants' conduct as alleged herein constitutes trademark infringement under Iowa common law.

## COUNT 4:
## UNJUST ENRICHMENT

57. Plaintiff reincorporates all preceding paragraphs as if fully set forth herein.

58. Defendants have been enriched by the use of Plaintiff's intellectual property.

59. Defendants' enrichment has come at Plaintiff's expense.

60. It is unjust and inequitable to allow Defendants to retain the benefit conferred upon them without just compensation to Plaintiff.

**WHEREFORE**, Plaintiff requests judgment against the Defendants as follows:

1. Granting an injunction temporarily, preliminarily and permanently enjoining the Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a. providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise or promote insulated drinkware bearing the Grizzly Brand or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the same;

    b. engaging in any activity that infringes Plaintiffs' rights in the Grizzly Brand;

  c.  engaging in any activity constituting unfair competition with Plaintiff;

  d.  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' drinkware products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's insulated drinkware products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

  e.  using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

  f.  registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Grizzly Brand or any other mark that infringes or is likely to be confused with the Grizzly Brand, or any goods or services of Plaintiff, or Plaintiff as their source; and

  g.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

2. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by

11

    Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's insulated drinkware products.

3. Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Grizzly Brand or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Grizzly Brand, and to immediately remove them from public access and view.

4. Directing that Defendants recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the Infringing Mark or other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of the Grizzly Brand.

5. Directing Defendant to formally abandon with prejudice any and all of its applications to register the Infringing Mark or any mark consisting of, incorporating, or containing the Grizzly Brand or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

6. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

7. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

8. Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiffs for the damages caused thereby.

9. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

10. Awarding Plaintiff compensatory and exemplary damages as authorized by Iowa Code § 550.4(1) and 550.4(2) against Defendants.

11. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)), as well as attorney's fees as authorized by Iowa Code § 550.6.

12. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

13. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues so triable in this Complaint.

Respectfully submitted,

Dated: February 13, 2024

**ZARLEYCONLEY PLC**

By:   /s/John D. Gilbertson
John D. Gilbertson, AT0014515
580 Market Street, Suite 101
West Des Moines, IA 50266
Telephone:  (515) 558-0200
Facsimile:   (515) 558-7790
jgilbertson@zarleylaw.com
**ATTORNEY FOR PLAINTIFF**